# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **EDUARDO ANTONIO MORENO-ROSALES,** | : : | **MOTION TO VACATE 28 U.S.C. § 2255** |
| **BOP Reg. # 61158-019,** Movant, | : : | |
| v. | : : : | **CRIMINAL ACTION NO. 1:09-CR-359-RWS-AJB-2** |
| **UNITED STATES OF AMERICA,** Respondent. | : : | **CIVIL ACTION NO. 1:13-CV-977-RWS-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S ORDER
### AND FINAL REPORT AND RECOMMENDATION

Movant, Eduardo Antonio Moreno-Rosales, filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in criminal action number 1:09-cr-359-RWS-AJB-2 [Doc. 257].[1]  On October 3, 2014, the undersigned determined that an evidentiary hearing was needed to resolve ground one of the § 2255 motion. [Doc. 285.]  The undersigned subsequently appointed counsel to represent Movant. [Doc. 286.]  Movant then submitted a motion for appointment of counsel, [Doc. 291], which is **DENIED AS MOOT**.  The evidentiary hearing was held on January 23, 2015. [Doc. 295.]

---

[1]   Citations to the record in this Order and Final Report and Recommendation refer to case number 1:09-cr-359-RWS-AJB-2.

The parties filed post-hearing briefs. [Docs. 301, 304, 305.] Movant also filed a motion to amend grounds two and three of his § 2255 motion and request an evidentiary hearing on those grounds. [Doc. 302.][2] For good cause shown, Movant's motion to amend, [Doc. 302], is **GRANTED**. For the reasons discussed below, Movant's motion for evidentiary hearing, [Doc. 302], is **DENIED**, and the undersigned **RECOMMENDS** that the § 2255 motion, [Doc. 257], as amended, be **DENIED**.

I. **Background**

In an indictment filed on July 29, 2009, Movant was charged with the following offenses: (1) conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), & 846 (count one); (2) possession with intent to distribute cocaine, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A)(ii) (count five); and (3) conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(a)(1)(A)(i), 1956(a)(2)(A),

---

[2] In ground four of his original § 2255 motion, Movant claimed that he did not knowingly and intelligently plead guilty because trial counsel failed to explain the appeal waiver in the plea agreement. [Doc. 257 at 8.] At the evidentiary hearing, Movant's § 2255 counsel stated that (1) Movant "doesn't want to get out of his plea," and (2) it was "totally irrelevant . . . whether [Movant and trial counsel] had discussed appellate rights . . . prior to sentencing . . . ." [Doc. 296 at 4, 15; *see also* Doc. 301 at 10.] Therefore, the undersigned concludes that Movant's motion to amend constitutes an implicit withdrawal of ground four of his original § 2255 motion.

1956(a)(2)(B)(i) & (ii), & 1956(h) (count six). [Doc. 22 at 1-2, 4-7.]

Movant decided to plead guilty on January 27, 2011. [Docs. 157, 157-1, 157-2.] At sentencing on October 13, 2011, the Court determined that Movant's United States Sentencing Guidelines range was 210 to 262 months imprisonment. [Doc. 232 at 26.] However, the Court sentenced Movant to 175 months imprisonment, followed by five years supervised release.[3] [Doc. 190 at 2-3.]

Movant filed a notice of appeal on March 2, 2012, but the United States Court of Appeals for the Eleventh Circuit dismissed the appeal as untimely on September 25, 2012. [Docs. 218, 244.] Movant delivered his § 2255 motion to prison authorities for mailing on March 20, 2013. [Doc. 257 at 12.] The Government does not dispute that the § 2255 motion was timely filed pursuant to 28 U.S.C. § 2255(f). [Doc. 304 at 3.]

**II.   28 U.S.C. § 2255 Standard**

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

[3]   Immigration removal proceedings are to commence against Movant upon completion of his confinement. [Doc. 190 at 2.]

3

collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam). Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988)) (internal quotation marks omitted).

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 Fed. Appx. 581, 582 (11th Cir. Sept. 18, 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)[4]). The Court must conduct an evidentiary hearing unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b). "[A] district court need not hold an evidentiary hearing where the movant's allegations are affirmatively contradicted by the record, or the claims are patently frivolous." *Bain v. United States*, 565 Fed. Appx. 827, 828 (11th Cir. May 12, 2014) (per curiam) (quoting *Aron v. United*

---

[4] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

*States*, 291 F.3d 708, 715 (11th Cir. 2002)) (internal quotation marks omitted).

As the undersigned will explain below, an evidentiary hearing on grounds two and three of the amended § 2255 motion is not needed because the amended motion and record in this case conclusively show that Movant is entitled to no relief on those grounds. Accordingly, Movant's motion for evidentiary hearing, [Doc. 302], is **DENIED**.

### III. Discussion

In his amended § 2255 motion, Movant asserts the following three interconnected grounds for relief: (1) trial counsel, Sandra L. Michaels, provided ineffective assistance by failing to advise Movant of his appellate rights after sentencing (ground one); (2) the Government breached the plea agreement at sentencing (ground two); and (3) Michaels provided ineffective assistance at sentencing by failing to object to the Government's breach (ground three). [Doc. 301 at 1, 6, 11.]

Movant's plea agreement contains an appeal waiver, but the waiver bars neither ground one; *see Gomez-Diaz v. United States*, 433 F.3d 788, 793-94 (11th Cir. 2005); nor ground two; *see United States v. Valencia*, 456 Fed. Appx. 875, 877 (11th Cir. Feb. 7, 2012) (per curiam) (citing *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004)). Although ground two is procedurally defaulted, as Movant did

5

not raise it on direct appeal, ground three constitutes an attempt to show cause for the default. *See Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004). Movant's appeal waiver bars ground three as an independent claim. *See Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).

The analytic framework that applies to Movant's grounds arises from the following testimony given at the evidentiary hearing. Movant testified that (1) he did not ask Michaels to file an appeal, and (2) he would have appealed if Michaels had advised him of his right to appeal after sentencing. [Doc. 296 at 10-23.] Michaels testified that she (1) did not recall whether she had discussed an appeal with Movant after sentencing, (2) had no documentation regarding such a discussion with Movant, and (3) had a standard practice of discussing an appeal with a client after sentencing. [*Id.* at 24-30.]

In order to demonstrate ineffective assistance of counsel, a convicted defendant must show that (1) "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A court may consider either prong first and need not address the other "if the defendant makes an insufficient showing on one." *Id.* at 697. As to the first prong, the following standards apply to the present case:

6

> [C]ounsel generally has a duty to consult with the defendant about an appeal. . . .
>
> [W]here a defendant has not specifically instructed his attorney to file an appeal, [the court] must still determine whether counsel in fact consulted with the defendant about an appeal. . . . [A]dequate consultation requires informing a client about his right to appeal, advising the client about the advantages and disadvantages of taking an appeal, and making a reasonable effort to determine whether the client wishes to pursue an appeal, regardless of the merits of such an appeal.

*Thompson v. United States*, 504 F.3d 1203, 1206 (11th Cir. 2007) (citations and internal quotation marks omitted).

> A criminal defense lawyer is not under a per se constitutional obligation to consult with his or her client about an appeal. In some cases, the Sixth Amendment requires such consultation; in others, it does not. . . .
>
> [C]ounsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing. . . . This inquiry is informed by several highly relevant factors, including: whether the conviction follows a guilty plea, whether the defendant received the sentence he bargained for, and whether the plea [agreement] expressly . . . waived some or all appeal rights.

*Otero v. United States*, 499 F.3d 1267, 1270 (11th Cir. 2007) (per curiam) (citations and internal quotation marks omitted).

Examining the three *Otero* factors in the present case, (1) Movant pleaded guilty,

7

[Docs. 157, 157-1, 157-2]; (2) Movant received a sentence of 175 months imprisonment, which was significantly less than his Guidelines range of 210 to 262 months imprisonment, [Doc. 190 at 2-3; Doc. 232 at 26]; and (3) Movant's plea agreement contained an appeal waiver, [Doc. 157-2 at 4]. Therefore, the three *Otero* factors weigh against Movant's argument that Michaels had a duty to consult with him about an appeal. *See id.* at 1270-71.

The undersigned next considers whether Michaels had "reason to think" that it was necessary to consult with Movant about an appeal. *See id.* at 1270. Based on the testimony of Michaels and Movant at the evidentiary hearing, the undersigned finds that Movant did not reasonably demonstrate to Michaels that he was interested in appealing. [Doc. 296 at 10-30.] The only remaining issue is whether Movant's desire to appeal was based on any nonfrivolous grounds and therefore rational. *See id.*

Movant argues that the Government's alleged breach of the plea agreement at sentencing was a nonfrivolous ground for appeal. [Doc. 301 at 6-10.] The alleged breach arose from the following statements made by the Government during the plea colloquy:

> The Government recommends [that Movant] be awarded the "safety valve" provision [of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2], that his base offense level be decreased two levels for the "safety valve."

8

> In this case, . . . we have a firearm that was found in a stash house. Based upon the evidence the Government has, the Government does not believe [Movant] possessed, constructively or actually possessed that firearm; and, therefore, under [*United States v. Clavijo*, 165 F.3d 1341 (11th Cir. 1999) (per curiam)], he shouldn't be prohibited from receiving [the] "safety valve."

[Doc. 180 at 7-8.] Consistent with those statements, the Government recommended at sentencing that Movant receive a two-level decrease pursuant to U.S.S.G. § 5C1.2, which requires that Movant did not possess the firearm in the stash house, to which he and his co-conspirators had access. [Doc. 232 at 2, 11.] However, the Government also recommended a two-level increase pursuant to U.S.S.G. § 2D1.1(b)(1), which requires that Movant possessed the firearm at issue. [*Id.* at 2-3.] Movant contends that the Government's § 2D1.1(b)(1) recommendation constituted a breach of the statements at the plea colloquy that Movant did not possess the firearm. [Doc. 301 at 6-10.]

As the Government points out, the plea agreement did not address § 2D1.1(b)(1). [Doc. 304 at 12-13.] Furthermore, the Eleventh Circuit has determined that the definition of firearm possession differs in § 2D1.1(b)(1) and § 5C1.2. *See Clavijo*, 165 F.3d at 1343-44. For the purpose of § 2D1.1(b)(1), the definition includes "reasonably foreseeable possession of a firearm by co-conspirators." *Id.* at 1343. For the purpose of § 5C1.2, the definition includes only the defendant's "own conduct and

9

conduct that he aided or abetted, counseled, commanded, induced, procured, or willfully caused." *Id.* (quoting § 5C1.2 cmt. n.4). Therefore, the Government did not breach the plea agreement by recommending that Movant receive both (1) the § 2D1.1(b)(1) enhancement based on the presence of a firearm in the stash house, and (2) § 5C1.2 relief based on the absence of a direct link between Movant and the firearm.

The undersigned concludes that the Government's alleged breach of the plea agreement at sentencing was a frivolous ground for appeal, and thus Movant's desire to appeal was irrational. Michaels did not have a duty to consult with Movant about an appeal, and she did not provide ineffective assistance by way of any omission of such consultation after sentencing (ground one of amended § 2255 motion). *See Otero*, 499 F.3d at 1270. It follows that Michaels also did not provide ineffective assistance by failing to object to the Government's alleged breach (ground three of amended § 2255 motion). "A lawyer cannot be deficient for failing to raise a meritless claim." *Frederick v. Dep't of Corr.*, 438 Fed. Appx. 801, 803 (11th Cir. Aug. 17, 2011) (per curiam) (citing *Freeman v. Att'y Gen.*, 536 F.3d 1225, 1233 (11th Cir. 2008)). Because ground three of the amended § 2255 motion fails, Movant has not shown cause for the procedural default of ground two, regarding the Government's alleged breach.

Accordingly, the undersigned **RECOMMENDS** that Movant be **DENIED** relief

10

as to grounds one, two, and three of his amended § 2255 motion.

## IV.     Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate, set aside, or correct sentence] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484)

11

(internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V.  Conclusion

For the reasons stated above,

**IT IS ORDERED** that Movant's motion for appointment of counsel, [Doc. 291], is **DENIED AS MOOT**, his motion to amend, [Doc. 302], is **GRANTED**, and his motion for evidentiary hearing, [Doc. 302], is **DENIED**.

**IT IS RECOMMENDED** that (1) the § 2255 motion to vacate, set aside, or correct sentence, [Doc. 257], as amended, be **DENIED**; (2) a COA be **DENIED**; and (3) civil action number 1:13-cv-977-RWS-AJB be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to the undersigned Magistrate Judge.

12

**IT IS SO ORDERED, RECOMMENDED, and DIRECTED**, this  13th   day of August, 2015.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE